# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave, N.W., Suite 330 Washington, D.C. 20001, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, 500 12th Street, S.W. Washington, D.C. 20536, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against U.S. Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave, NW, Suite 330, Washington, D.C. 20001. Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington, D.C. 20536. ICE has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 27, 2015, Plaintiff submitted a FOIA request to ICE (the "August 27, 2015 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all records detailing the new policy related to greater reporting burdens placed on OPT-educational institutions.
>
> 2. Any and all records detailing the amount of employee-hours and employees devoted to the investigation of claims for eligibility for the Deferred Action for Parental Accountability (DAPA) and Deferred Action for Childhood Arrivals (DACA) programs.
>
> 3. Any and all records detailing the number and average duration of phone calls received from detainees to the Enforcement and Removal Operations' community hotline.
>
>> a. Any and all records detailing the amount of employee-hours and employees devoted to the handling of complaints made through the hotline.

      b. Any and all records detailing the amount and nature of the complaints made by stakeholders using the hotline.

4. Any and all records of communications including, but not limited to, emails to or from Thomas S. Winkowski and Sarah Saldana where Patricia Vroom is mentioned.

5. Any and all records of correspondence from or to Executive Associate Director, Enforcement and Removal Operations Thomas Homan including, but not limited, emails mentioning Christopher Shanahan.

6. The resume on file for Acting Director, Thomas S. Winkowski.

7. The resume on file for Director, Sarah Saldana.

6. Plaintiff received an acknowledgement letter dated September 3, 2015, from Defendant confirming receipt on August 27, 2015 of Plaintiff's August 27, 2015 FOIA request, assigning the control number 2015-ICFO-95247 and referring categories 1 and 2 to U.S. Citizenship and Immigration Services.

7. On January 23, 2015, Plaintiff submitted a FOIA request to ICE (the "January 23, 2015 FOIA request"), by email, seeking access to the following public records:

1. All records of the financial costs related to the building of family detention centers between FY2013 and FY2014.

2. All records of financial costs related to apprehension, processing and detention of Unaccompanied Alien Children (UAC) between FY2013 and FY2014.

3. All of the financial costs related to the transport, transfer, removal and repatriation of UAC between FY 2013 and FY 2014.

4. All of the financial costs related to ICE's representation of government in removal procedures involving UAC before the Executive Office of Immigration Review between FY 2013 and FY 2014.

     5.  All records showing the number of instances where objections to the return of UAC were raised by the governments of Guatemala, Honduras, and El Salvador.

On September 11, 2015, Plaintiff submitted an administrative appeal to the Associate General Counsel's office at the Department of Homeland Security of a FOIA determination from ICE (the "September 11, 2015 appeal"), by certified mail, appealing the adequacy of the search and the withholdings applied regarding the following public records:

     1.  All records of the financial costs related to the building of family detention centers between FY2013 and FY2014.

     2.  All records of the financial costs related to apprehension, processing and detention of Unaccompanied Alien Children (UAC) between FY2013 and FY2014.

     3.  All records of the financial costs related to the transport, transfer, removal and repatriation of UAC between FY2013 and FY2014.

     4.  All records of the financial costs related to ICE's representation of government in removal procedures involving UAC before the Executive Office for Immigration Review between FY2013 and FY2014.

     5.  All records showing the number of instances where objections to the return of UAC were raised by the government of Guatemala, Honduras and El Salvador.

     8.     Plaintiff received an acknowledgement letter from Defendant dated September 18, 2015, confirming receipt of Plaintiff's September 11, 2015 appeal, assigning the control number 2015-ICAP-00722. In a second response letter dated October 19, 2015, Defendant determined that new searches could be made and re-tasked the ICE FOIA office. Plaintiff considers this "re-tasking" as an acknowledgement of Defendant's ongoing duty to properly search and provide the requested documents and the equivalent to the Defendant's receipt of a new FOIA request (the "October 19, 2015 FOIA request"). Since this response letter, Plaintiff has not received any response from the ICE FOIA office about what steps have been taken to search for the requested documents.

9. On May 16, 2016, Plaintiff submitted a FOIA request to ICE (the "May 16, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all original records showing the number of cases reviewed for prosecutorial discretion by the Office of Principal Legal Advisor (OPLA) pending before the Immigration Court and the Board of Immigration Appeals.
>
> 2. Any and all original records showing the number motions filed by OPLA to administratively close or dismiss cases due to prosecutorial discretion.
>
> 3. Any and all original records showing the number motions filed by OPLA to reconsider and reopen a case, which led to the release of an alien.
>
> 4. Any and all original records showing the number of times OPLA declined to file Notices to Appear due to prosecutorial discretion.

10. Plaintiff received an acknowledgement letter dated June 6, 2016, from Defendant confirming receipt on May 16, 2015 of Plaintiff's May 16, 2016 FOIA request, assigning the control number 2016-ICFO-37242.

11. On May 17, 2016, Plaintiff submitted a FOIA request to ICE (the "May 17, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all original records showing the number of appeals handled by ICE attorneys that were approved or denied by OPLA.
>
> 2. Any and all original records showing the number of cases that were not appealed by ICE attorneys and subsequently not vetted by OPLA.
>
> 3. Any and all reports, advisories, guidance, directives, or memoranda instructing or advising ICE attorneys with regards to any OPLA policy for denying an appeal.
>
> 4. Any and all original records showing the number of appeals that have been denied for aliens covered under the mandatory detention provision of INA §236(c) who were granted bond.
>
> 5. Any and all reports, advisories, guidance, directives, or memoranda instructing or advising ICE attorneys to not cross-examine cases.

12. Plaintiff received an acknowledgement letter dated June 7, 2016, from Defendant confirming receipt on May 17, 2015 of Plaintiff's May 17, 2016 FOIA request, assigning the control number 2016-ICFO-37370.

13. On May 18, 2016, Plaintiff submitted a FOIA request to ICE (the "May 18, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all reports, advisories, guidance, directives, or memoranda instructing or advising ICE attorneys to not attend removal proceedings and/or to submit a memorandum to immigration judges permitting them to decide the merits of the case in question.
>
> 2. Any and all original records showing the number of denials issued by OPLA for requests for agent testimony.
>
> 3. Any and all reports, advisories, guidance, directives, or memoranda instructing or advising ICE attorneys on requests for witnesses in court.
>
> 4. Any and all original records showing the number of instances ICE witnesses, broken down by type (i.e. agent-witnesses), have been called in court.
>
> 5. Any and all reports, advisories, guidance, directives, or memoranda instructing or advising ICE attorneys that fraudulent cases are not to be considered a priority for removal.

14. Plaintiff received an acknowledgement letter dated August 8, 2016, from Defendant confirming receipt on May 18, 2016 of Plaintiff's May 18, 2016 FOIA request, assigning the control number 2016-ICFO-46914.

15. On May 20, 2016, Plaintiff submitted a FOIA request to ICE (the "May 20, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all original records showing the numbers of released criminal aliens monitored by ICE between FY2014 to the present. It is requested these numbers be broken down by type of release i.e. Alternative-to-Detention full service, Alternative-to-Detention telephonic, simple Order of Recognizance, Order of Recognizance with reporting requirements, Order of Supervision, ankle-monitoring, etc.

  2. Any and all original records showing the number of instances wherein countries have rejected or refused to accept the return of their citizens, otherwise removable from the U.S., between FY2012 to the present. It is requested that this information be broken down by country-basis.

    a. Any and all records showing the number of instances of criminal alien-releases due to such rejections/refusals.

  3. Any and all original records, reports, or memoranda showing or explaining any real or projected cost-savings resulting, either directly or indirectly, from ICE's March 2, 2011 'Civil Immigration Enforcement' memo and/or its 2014 'Priorities' memo.

  4. Any and all original records between FY2013 to the present showing the numbers of aliens pursued by ICE's Fugitive Operations Team for:

    a. failing to attend their immigration court-hearing;

    b. rejecting an order to self-deport, and/or;

    c. violating the terms of their immigration.

  16. Plaintiff received an acknowledgement letter dated June 8, 2016, from Defendant confirming receipt on May 20, 2016 of Plaintiff's May 20, 2016 FOIA request, assigning the control number 2016-ICFO-37760.

  17. On May 21, 2016, Plaintiff submitted a FOIA request to ICE (the "May 21, 2016 FOIA request"), by email, seeking access to the following public records:

  1. Any and all records, guidance, directives, or memoranda instructing or recommending to ICE officials to alter, change or adjust ICE annual removal statistics.

  2. Any and all records, guidance, directives, or memoranda from ICE officials instructing or recommending to DHS officials to alter, change or adjust DHS annual removal statistics.

  3. Any and all original records between FY2009 to the present showing the number of 'credible fear'-claims made by undocumented immigrants or their attorneys, at any stage in the apprehension or removal process.

    4. Any and all original records between FY2012 to the present showing the number of claims from undocumented immigrants that they arrived in the U.S. before 2014.

  18. Plaintiff received an acknowledgement letter dated June 10, 2016, from Defendant confirming receipt on May 21, 2016 of Plaintiff's May 21, 2016 FOIA request, assigning the control number 2016-ICFO-38203.

  19. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with each of Plaintiff's FOIA requests within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.  Accordingly, ICE's determination of the August 27, 2015 FOIA request was due by September 25, 2015; ICE's determination of the October 19, 2015 FOIA request was due by November 17, 2015; ICE's determination of the May 16, 2016 FOIA request was due by June 14, 2016; ICE's determination of the May 17, 2016 FOIA request was due by June 15, 2016; ICE's determination of the May 18, 2016 FOIA request was due by June 16, 2016; ICE's determination of the May 20, 2016 FOIA request was due by June 20, 2016; and ICE's determination of the May 21, 2016 FOIA request was due by June 21, 2016.

  20. As of the date of this Complaint, ICE have failed to: (i) determine whether to comply with Plaintiff's ICE FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

21. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the requests, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully stated herein.

23. Defendants are unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

24. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  8/24/2016                                   Respectfully submitted,


                                                    /s/ Julie B. Axelrod
                                                    D.C. Bar No. 1001557
                                                    Immigration Reform Law Institute
                                                    25 Massachusetts Ave. NW, Suite 335
                                                    Washington D.C., 20001
                                                    Telephone: 202-232-5590
                                                    FAX (202) 464-3590
                                                    Email: jaxelrod@irli.org